IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Larry Carson, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | No. 16-cv- |
| | ) | |
| Thomas Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff Larry Carson, by counsel, alleges as follows:

1.     This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §12133, 29 U.S.C. §794a(a)(2), and 28 U.S.C. §1343.

2.     Plaintiff Larry Carson is a former inmate of the Cook County Jail.

3.     Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4.     Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Defendants Sheriff and Cook County have received federal funds since at least 2011.

6. A few months after plaintiff's admission into the Cook County Jail on June 1, 2014, plaintiff Carson suffered a debilitating illness and was transported to John Stroger Hospital where he was admitted for several days.

7. While at Stroger Hospital, as required by an explicit policy of defendant Dart, plaintiff was shackled to his hospital bed.

8. The shackling of plaintiff Carson to his hospital bed was grossly excessive because plaintiff had recently suffered a debilitating medical condition that left him unable to walk and was constantly guarded by at least two armed correctional officers. Dart's shackling policy inflicted unnecessary pain on plaintiff Carson.

9. When plaintiff returned to the Cook County Jail, he was physically disabled, required the use of a wheelchair to move from place to place, and was a "qualified individual with a disability" protected by the ADA and Rehabilitation Act.

10. At this time, medical personnel employed by defendant Cook County recognized that plaintiff had an impairment that interfered with his ability to walk, that plaintiff required a special toilet, sink, and shower facilities, and that plaintiff must be assigned to a housing unit capable of accommodating his disabilities (an "ADA accessible housing unit").

11. At all times relevant, the Cook County Jail has not had a sufficient number of ADA accessible housing units to house each qualified individual with a disability who enters the Jail.

12. Rather than take any corrective action about the insufficient number of ADA accessible housing units at the Jail, defendant Sheriff has turned a blind eye to the resulting widespread violations of federal law.

13. As a result of the Sheriff's above described deliberate indifference, a correctional officer, to whom the Sheriff has delegated the final authority to make housing assignments, assigned plaintiff to various inaccessible housing units primarily located on 3 West of the Cermak Infirmary.

14. Plaintiff is one of the many disabled detainees who was assigned to an inaccessible housing unit because of the Sheriff's decision to accept custody of more disabled detainees than can be housed in the existing accessible units.

15. As a result of foregoing, plaintiff was unable to use the jail's toilets, showers, beds, or common area facilities on the same basis as other detainees and suffered physical injuries, including falls.

16. In addition to being confined to inaccessible housing units, plaintiff was discriminated against because of his disability each time he attended court at the Markham courthouse, specifically by being denied access to toilet facilities and accessible holding cells for a wheelchair user.

-3-

17.   At all times relevant, defendant Sheriff of Cook County has been aware that detainees in his custody at the Cook County Jail are discriminated against because of their disability when leaving the Jail to attend court.

18.   At all times relevant, defendants have turned a blind eye to the above described discrimination.

19.   Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/   Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*

-4-